IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


JAMES "TROY" DURHAM          :
                             :
v.                           :  Civil No. WMN-10-2534
                             :
ROBERT N. JONES et al.       :
                             :

  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM & ORDER

Plaintiff has filed a motion for sanctions, ECF No. 37,

complaining about the completeness of some of Defendants'

interrogatory answers.  The motion is fully briefed.  Upon a

review of the parties' submissions, the Court concludes that the

motion should be denied.

The interrogatories at issue ask Defendants to

"[d]escribe all of the facts concerning the Plaintiff's

termination" including "every material reason the Plaintiff was

terminated, the identities of all persons involved in the

decision to terminate Plaintiff, and the factors that went into

deciding whether to terminate the Plaintiff."  Pl.'s Interrog.

#1.  In answer to this interrogatory,[1] Defendants provide a three

page narrative of the events leading up to Plaintiff's

termination.  Included in that narrative is the assertion that,

in the course of making a particular arrest, Plaintiff used

---

[1] Defendants also incorporate this answer into the other
interrogatory answers to which Plaintiff takes issue.

pepper spray, struck the individual in the face, and thrust his knee into the arrestee's ribs.  Plaintiff then, in Defendants' view, incorrectly filled out a "Use of Force Report" concerning the incident and then refused several requests from his supervisors to correct the report, instead simply submitting unhelpful supplements.  Only when faced with the threat of suspension for insubordination did Plaintiff finally withdraw those supplements.  After one of his supervisors told Plaintiff that Plaintiff's strong use of force on an individual who neither assaulted him nor resisted arrest could constitute a criminal act, Plaintiff submitted a supplemental report that was, in Defendants' view, "in complete contradiction to his original report."  Plaintiff then sent communications of confidential personnel and investigative matters, including "derogatory, slanderous and inflammatory remarks made towards Sheriff Jones and his staff," to several outside agencies and to the press.  After recounting this history, Defendants state that Sheriff Jones decided to terminate Plaintiff "in the best interest of the Somerset County Sheriff's Office and the citizens of Somerset County."  Defendants also supported this narrative with citations to the record of a two-day hearing conducted in accordance with the Law Enforcement Officer's Bill of Rights, Md. Code Ann., Pub. Safety § 3-101 to 3-113, and

included a copy of the hearing record with their interrogatory answers.

In moving for sanctions, Plaintiff deems Defendants' narrative "an immaterial history of the dispute," and posits that "[n]o one has ever been terminated because it was in the 'best interest' of a government entity." ECF No. 40 at 1-2. He also complains that the submission of the hearing record was "more in the nature of a document dump." ECF No. 37 at 5 n.1.

Rather than an "immaterial history," the Court sees Defendants' account of the events leading to Plaintiff's termination as providing the reasons for their decision.[2] While Defendants could have stated that, "in light of the aforementioned conduct," we deemed it in the best interest of the department to terminate Plaintiff, that connection is certainly implied. Perhaps, Defendants could have specified which particular aspect of the alleged conduct was the stronger factor in their decision but it is also implied in the answer that the decision was the culmination of the entire series of events. The Court finds that Defendants' interrogatory answers are sufficient.

---

[2] The Court, of course, renders no judgment as to whether this was a valid reason for terminating Plaintiff, or even whether this was the true reason for that termination.

The Court also finds nothing inappropriate in Defendants'
submission of the hearing record.  Defendants did not, as
Plaintiff's motion implies, simply turn over a one thousand page
record and say, "our answer is in here, you find it."  Their
narrative summarized Defendants' view of the events and cited to
particular pages and exhibits within the record for support of
that view.

For these reasons, IT IS this 5th day of October, 2011, by
the United States District Court for the District of Maryland,
ORDERED:

1) That Plaintiff's Motion for Sanctions, ECF No. 37, is
DENIED; and

2) That the Clerk of the Court shall transmit a copy of
this Memorandum and Order to all counsel of record.


_____/s/_____
William M. Nickerson
Senior United States District Judge