```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


JAMES "TROY" DURHAM            *
                               *
v.                             *    Civil Action No. WMN-10-2534
                               *
ROBERT N. JONES                *
                               *
                               *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM AND ORDER

Plaintiff and Judgment Creditor James "Troy" Durham was awarded $1,112,200 in judgment by a jury against Defendant and Judgment Debtor Robert N. Jones.  With attorneys' fees and costs and post-judgment interest, the judgment against Jones now amounts to more than $1,500,000.  In an effort to recover his judgment, Durham completed an Application for Writ of Execution, ECF No. 169, against Jones' real property at 26708 Mount Vernon Road, Princess Anne, Maryland 21853.  As part of his application, Durham checked the box indicating that the U.S. Marshal, when levying the property, is to "exclude others from access to it or uses of it."  Durham has filed a Motion to Limit Application for Writ of Execution, ECF No. 170, on the ground that Maryland Rule 2-642(a) – which governs the levying of a writ upon real property – "does not authorize the Plaintiff to request that the U.S. Marshal exclude others from real property."

The Application for a Writ of Execution that Durham completed is drafted pursuant to Maryland Rule 2-641(a).  Rule 2-641(a) requires that a writ include instructions to the levying body (in this case, the U.S. Marshals) specifying:

> (1) the judgment debtor's last known address, (2) the judgment and amount owed under the judgment, (3) the property to be levied upon and its location, and (4) whether the sheriff is to leave the levied property where found, or to exclude others from access to it or use of it, or to remove it from the premises.

Rule 2-641(a).  The Maryland Rules provide that, unless expressly provided otherwise, property is defined as "real, personal, mixed, tangible or intangible property of every kind." Maryland Rule 1-202(u).  Then, Rule 2-642 establishes the action that the U.S. Marshal needs to take in order to successfully levy the writ upon a judgment debtor's property.  Here, the Rules make a distinction between real property and personal property, providing one method for the Marshal to levy upon real property and four methods to levy on personal property. <u>Compare</u> Maryland Rule 2-642(a) (directing the Marshal to levy by "posting a copy of the writ and the schedule in a prominent place on the property") <u>with</u> Maryland Rule 2-642(b) (providing that the Marshal may levy by removing the property from the premises, affixing a copy or the writ and schedule to the property, and posting in a prominent place near the items, with or without affixing individual labels).  Jones argues that since

the Rule governing levy upon real property is silent as to exclusion, Durham should not be allowed to direct the U.S. Marshal to exclude him, his son, and his girlfriend from the property on Mount Vernon Road.

The Maryland Court of Special Appeals, however, has held that excluding a judgment debtor from levied real property is permissible process.  In Humphrey v. Herridge, the Court rejected the judgment debtor's argument that the requirement of directing the sheriff as to property disposition in Rule 641(a)(4) only applied to personal property.  653 A.2d 491, 495 (Md. Ct. Spec. App. 1995).  In reaching its conclusion, the Court determined that Rule 2-641(a) intended to embrace both personal and real property by its use of the generally defined term of "property."  Id. at 494.  Further, since "[a] writ of execution may direct the sheriff to levy upon real or personal property," the judgment creditors "made proper use of the [levy] process in a manner contemplated by law."  Id. at 495.  Accordingly, Durham's request to the Marshal to exclude others from the Mount Vernon Road Property is permissible under the Maryland Rules and Jones' motion must be denied.

Accordingly, it is this 14th day of April, 2015, ordered that:

    (1)  Defendant Robert N. Jones' Motion to Limit Application for Writ of Execution, ECF No. 170, is DENIED; and

(2)   The Clerk of Court shall transmit a copy of this

Memorandum and Order to all counsel of record.

```
                         _____/s/_____
                         William M. Nickerson
                         Senior United States District Judge
```